UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

GARRY R.,

                Plaintiff,

      v.

COMMISSIONER OF SOCIAL
SECURITY,

                Defendant.

CASE NO. 3:18-cv-5747 RSM-JRC

REPORT AND RECOMMENDATION
ON PLAINTIFF'S COMPLAINT

NOTING DATE: May 3, 2019

    This matter has been referred to United States Magistrate Judge J. Richard Creatura pursuant to 28 U.S.C. § 636(b)(1) and Local Magistrate Judge Rule MJR 4(a)(4), and as authorized by *Mathews, Secretary of H.E.W. v. Weber*, 423 U.S. 261, 271-72 (1976). This matter has been fully briefed. Dkts. 17, 24, 25.

    After considering and reviewing the record, the Court finds that the ALJ erred by failing to consider whether plaintiff's right shoulder rotator cuff injury was a severe impairment at step two. The ALJ acknowledged that plaintiff testified to his shoulder injury but failed to discuss probative evidence confirming the injury. The ALJ also failed to give clear and convincing reasons for rejecting plaintiff's testimony regarding his shoulder impairment because she did not

link his testimony to specific evidence in the record.  Had the ALJ not improperly rejected this evidence and testimony, additional limitations may have been added to the RFC. Therefore, the error was not harmless.

Accordingly, this Court recommends that this matter be reversed and remanded pursuant to sentence four of 42 U.S.C. § 405(g).

PROCEDURAL HISTORY

Plaintiff's application for disability insurance ("DIB") benefits pursuant to 42 U.S.C. § 423 (Title II) of the Social Security Act was denied initially and following reconsideration. AR. 93, 105.  Plaintiff's requested hearing was held before Administrative Law Judge Stephanie Martz ("the ALJ") on April 10, 2018. AR. 64.  On May 8, 2018, the ALJ issued a written decision in which the ALJ concluded that plaintiff was not disabled pursuant to the Social Security Act. AR. 41.

On July 19, 2018, the Appeals Council denied plaintiff's request for review, making the written decision by the ALJ the final agency decision subject to judicial review. AR. 1; *see* 20 C.F.R. § 404.981. Plaintiff filed a complaint in this Court seeking judicial review of the ALJ's written decision in September 2018. Dkt. 1. Defendant filed the sealed administrative record regarding this matter ("AR.") on November 26, 2018. Dkt. 13.

BACKGROUND

Plaintiff, Garry R., was born in 1988 and was 24 years old on the alleged disability onset date of May 21, 2012. AR. 94. At the hearing, plaintiff amended his onset date to August 30,

2012. AR. 44. Plaintiff has a GED and work history as a fence erector and radar operator in the army. AR. 232. Plaintiff stopped working because of his conditions. AR. 231-32.

Plaintiff filed his complaint alleging the following impairments: bilateral rotator cuff, migraines, spinal stenosis, degenerative disc disease ("DDD"), sleep apnea, traumatic brain injury ("TBI")/fractured skull, motor vehicle accident ("MVA"), tinnitus, arm reconstruction-compound fracture with titanium plates, knee caps, non-displaced pelvic fracture, post-traumatic stress disorder ("PTSD"), insomnia. AR. 94-95.

According to the ALJ, plaintiff has the severe impairments of lumbar degenerative disc disease with lumbar disc protrusion and radiculopathy, status post right acetabulum fracture, post-traumatic stress disorder ("PTSD"), and depression. AR. 46-47. Plaintiff alleges that the ALJ erred in failing to recognize all of plaintiff's severe impairments.

STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

DISCUSSION

In plaintiff's opening brief, plaintiff raises the following issues: (1) Whether new evidence submitted to the Appeals Council undermines the ALJ's decision; (2) Whether the ALJ erred in failing to recognize panic disorder and right shoulder rotator cuff tear as medically

1    determinable and severe impairments; (3) Whether the ALJ erred in evaluating opinion evidence;

2    and (4) Whether the ALJ erred in rejecting plaintiff's symptom testimony. Dkt. 17, p. 1.

3    **I.    Whether the ALJ erred in failing to recognize panic disorder and right**
        **shoulder rotator cuff tear as severe impairments.**

4

5    Plaintiff alleges that the ALJ failed to consider plaintiff's panic disorder and rotator cuff

6    tear at step two. Dkt. 17, p. 4-7.  Plaintiff filed his application alleging "bilateral rotator cuff"

7    (AR. 94-95), and testified at his hearing that he has an inoperable right shoulder injury that

8    causes pain. AR. 49, 76. The ALJ acknowledged plaintiff's right shoulder injury but did not

9    analyze it at step two. *See* AR. 46-47. The ALJ also did not give reasons for rejecting that part of

10   plaintiff's testimony. *See* AR. 49.

11   Step-two of the administration's evaluation process requires the ALJ to determine if the

12   claimant "has a medically severe impairment or combination of impairments." *Smolen v. Chater*,

13   80 F.3d 1273, 1289-90 (9th Cir. 1996) (citation omitted); 20 C.F.R. §§ 404.1520(a)(4)(ii),

14   416.920(a)(4)(ii) (1996). The Administrative Law Judge "must consider the combined effect of

15   all of the claimant's impairments on her ability to function, without regard to whether [or not]

16   each alone was sufficiently severe." *Smolen,* 80 F.3d at 1290 (citations omitted).  The step-two

17   determination of whether or not a disability is severe is merely a threshold determination, raising

18   potentially only a "prima facie case of a disability."  *Hoopai v. Astrue*, 499 F.3d 1071, 1076 (9th

19   Cir. 2007) (citing *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999)).  According to Social

20   Security Ruling 96-3p, "[a] determination that an individual's impairment(s) is not severe

21   requires a careful evaluation of the medical findings that describe the impairment(s) (*i.e.*, the

22   objective medical evidence and any impairment-related symptoms), and an informed judgment

23   about the limitations and restrictions the impairments(s) and related symptom(s) impose on the

24

1  individual's physical and mental ability to do basic work activities." SSR 96-3p, 1996 SSR

2  LEXIS 10 at *4-*5 (citing SSR 96-7p).[1]

3          Here, the ALJ acknowledged plaintiff's right rotator cuff injury but performed no

4  analysis—either at step two, or in the discussion of plaintiff's testimony—regarding this

5  impairment. *See* AR. 46-47, 49.  She also does not include any RFC limitations, and she does not

6  give any reason for rejecting plaintiff's testimony regarding his right shoulder injury. Objective

7  testing shows that plaintiff has a rotator cuff tear in his right shoulder which causes pain and

8  reduced range of motion. AR. 416. The examiner performed several tests which were positive.

9  AR. 419.  At his hearing, plaintiff testified to having continued pain in his left shoulder. *See* AR.

10 416-420. The "ALJ's written decision must state reasons for disregarding [probative]

11 evidence[.]" *Flores v. Shalala*, 49 F.3d 562, 571 (9th Cir. 1995).

12         Defendant states that this evidence may be disregarded because the provider who

13 conducted the shoulder examination is a nurse practitioner and, therefore, not an acceptable

14 medical source. Dkt. 24, p. 13. This is not a reason the ALJ relied on and the Court cannot

15 consider it. *Bray v. Comm'r of SSA*, 554 F.3d 1219, 1225-26 (9th Cir. 2009) (citing *SEC v.*

16 *Chenery Corp.*, 332 U.S. 194, 196 (1947) (other citation omitted)). Moreover, although not an

17 acceptable medical source, opinions of nurse practitioners, as well as other health care providers

18 who are not medical doctors, often provide useful information regarding an applicant's physical

19 limitations. *See* SSR 06-3p, 2006 SSR LEXIS 5 at *12-*13 ("depending on the particular facts in

20

21

22

23         [1] Defendant points to the Agency's rescission of SSR 96-3p and SSR 96-4p, which discuss severe
impairments at step two. Dkt. 24, p. 15. However, both the hearing and the written decision took place prior to the
rescission date of June 14, 2018. *See* SSR 96-3p; SSR 96-4p.

24

1    a case. . . an opinion from a medical source who is not an 'acceptable medical source' may

2    outweigh the opinion of an 'acceptable medical source.'").[2]

3         The ALJ also did not give clear and convincing reasons for rejecting plaintiff's testimony

4    regarding his shoulder impairment. *Smolen v. Chater*, 80 F.3d 1273, 1284 (9th Cir. 1996). In

5    evaluating a claimant's allegations of limitations, the ALJ cannot rely on general findings, but

6    "'must specifically identify what testimony is credible and what evidence undermines the

7    claimant's complaints.'" *Greger v. Barnhart*, 464 F.3d 968, 972 (9th Cir. 2006) (quoting *Morgan*

8    *v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999)). Here, the ALJ acknowledged

9    plaintiff's testimony regarding his right shoulder impairment (AR. 49), but did not link that

10   testimony to any of the reasons she gave for rejecting his testimony. *See* AR. 50-53.

11        When an ALJ fails to find an impairment severe, the error is not necessarily harmless just

12   because the ALJ proceeds to subsequent steps in the sequential disability evaluation process. *See*

13   *Hill v. Astrue*, 698 F.3d 1153, 1161 (9th Cir. 2012).  Moreover, "in assessing RFC, the

14   adjudicator must consider limitations and restrictions imposed by all of an individual's

15   impairments, even those that are not 'severe.'" SSR 96-8p, 1996 SSR LEXIS 5 at *14. The Ninth

16   Circuit has addressed this issue stating that "[s]tep two is merely a threshold determination meant

17   to screen out weak claims… [and] [t]he RFC therefore *should* be exactly the same regardless of

18   whether certain impairments are considered 'severe' or not." *Buck v. Berryhill,* 869 F.3d 1040,

19   1048-1049 (9th Cir. 2017)) (citing *Bowen v. Yuckert*, 482 U.S. 137, 146-47 (1987)); *see also*

20   *Carmickle v. Comm'r, SSA,* 533 F.3d 1155, 1164 (9th Cir. 2008) (finding that the ALJ erred in

21   not including limitations from plaintiff's tendonitis in his assessment of plaintiff's RFC). Had the

22

23        [2] SSR 06-3p was rescinded March 27, 2017. For claims filed on or after March 27, 2017, nurse
practitioners are considered an acceptable medical source. 20 C.F.R. § 404.1502(a)(7). Plaintiff's claim was filed

24   March 8, 2017. Therefore, SSR 06-3p applies.

1    ALJ assessed plaintiff's right shoulder impairment, she may have added additional limitations to

2    the RFC, leading to a different disability outcome. *See Molina v. Astrue,* 674 F.3d 1104, 1115

3    (9th Cir. 2012) ("an ALJ's error is harmless where it is 'inconsequential to the ultimate

4    nondisability determination.'") (quoting *Carmickle v. Comm'r Soc. Sec. Admin.*, 533 F.3d 1155,

5    1162 (9th Cir. 2008)).

6         It is unclear from the record whether the ALJ would be required to find plaintiff's right

7    shoulder impairment severe, or whether it would result in additional limitations being added to

8    the RFC. Therefore, remand is the appropriate remedy. *See Harman v. Apfel*, 211 F.3d 1172,

9    1178 (9th Cir. 2000) (remand is the appropriate remedy where there are outstanding factual

10   issues to be determined).

11        Plaintiff also asserts that the Commissioner failed to properly consider new and material

12   medical evidence which was submitted to the Appeals Council.  This Court found that the ALJ's

13   failure to consider plaintiff's right shoulder impairment was reversible error. On remand,

14   plaintiff will be able to submit additional evidence, including the April 2018 MRI.  Plaintiff also

15   asserts that the ALJ erred in her evaluation of opinion evidence and plaintiff's testimony. The

16   ALJ should reevaluate the entire record in light of new evidence and testimony presented on

17   remand. Finally, the ALJ should give further consideration to whether plaintiff's diagnosis of

18   panic disorder is a severe impairment.

19

20   CONCLUSION

21        Based on these reasons, and the relevant record, the undersigned recommends that this

22   matter be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g) to

23

24

1    the Acting Commissioner for further proceedings consistent with this Report and

2    Recommendation. **JUDGMENT** should be for **PLAINTIFF** and the case should be closed.

3           Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have

4    fourteen (14) days from service of this Report to file written objections. *See also* Fed. R. Civ. P.

5    6.  Failure to file objections will result in a waiver of those objections for purposes of de novo

6    review by the district judge. *See* 28 U.S.C. § 636(b)(1)(C). Accommodating the time limit

7    imposed by Rule 72(b), the clerk is directed to set the matter for consideration on May 3, 2019,

8    as noted in the caption.

9           Dated this 15th day of April, 2019.

10

11

12

13                                          J. Richard Creatura
                                            United States Magistrate Judge

14

15

16

17

18

19

20

21

22

23

24